DECISION OF DISMISSAL
Case management conferences were held on August 26, 2008, and November 19, 2008. Plaintiffs participated in the last proceeding; Patsy Mault and Don Cox appeared for Defendant.
The issue before the court is Defendant's verbal motion to dismiss made at the August 26, 2008, case management conference.
 I. STATEMENT OF FACTS
Plaintiffs own a hotel and the land, identified Accounts 11652, 11153, 11711, and 10207. It was acquired in May 2007. Upon appeal to the Jefferson County Board of Property Tax Appeals, the real market value (RMV) was reduced. The maximum assessed value (MAV) remained unchanged. Plaintiffs claim their tax liability should be reduced in a similar proportion.
Plaintiffs' appeal to the court claims "assessed value is too hihg (sic) — RMV decreased by County Board but assessed value remained same." Plaintiffs request the court "lower Assessment Valuation." During the second proceeding, Plaintiffs again affirmed they were concerned with the overall tax liability and wanted the MAV reduced. *Page 2 
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[2] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding together the MAV of the property prior to the improvements to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1)(b).
There is no exception value on these accounts for the 2007-08 tax year. The MAV is the prior year's values multiplied by 1.03, the increase allowed by statute. The court finds that Defendant calculated the 2007-08 MAV properly and there is no basis for changing it. *Page 3 
This court has many times repeated its holding on the subject of uniformity in Ellis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiffs' allegations of a pro rata relationship between RMV and MAV. ORS 308.146.
 III. CONCLUSION
The court concludes that Defendant calculated the 2007-08 MAV properly and, as a result, the court is without authority to modify the MAV of the property. Consequently, the court finds Defendant's motion to dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this _____ day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December4, 2008 The Court filed and entered this document on December 4,2008
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.